IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRISTINE R. JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-545-KEW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Cristine R. Jenkins, (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

1

other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

## Claimant's Background

Claimant was born November 4, 1974 and was 29 years old at the time of the hearing. She has a seventh grade education. Claimant previously worked as a waitress and a store cashier/checker. Claimant alleges an onset date for disability of August 5, 2000, due to depression, bi-polar disorder, and a borderline personality disorder.

## Procedural History

On February 3, 2004, Claimant protectively filed for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.). Claimant's application for benefits was denied in its entirety initially and upon reconsideration. ALJ William M. Manico conducted a hearing on Claimant's application on March 1, 2006 in Fort Smith, Arkansas. By decision dated June 20, 2006, the ALJ found that Claimant was not disabled at any time through the date of the decision. On November 24, 2006, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ determined that Claimant's impairments, including a substance abuse disorder, met the criteria for Listing 12.09 of 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. § 416.920(d)). However, if the Claimant stopped the substance use, the remaining mental impairments would cause more than a minimal impact on her ability to perform basic work activities. Therefore, the ALJ made his decision at step five of the sequential evaluation. He determined, absent the substance abuse, Claimant retained the residual functional capacity (RFC) to perform work that exists in significant numbers in the national and regional economies.

## Review

Claimant asserts that the Commissioner, through the ALJ and the Appeals Council, erred in (1) determining that substance abuse was a contributing factor material to the determination of disability; (2) failing to find severe impairments from migraine headaches/pain and musculoskeletal problems; and (3) failing to adequately develop the record related to the severity of Claimant's borderline intellectual functioning.

## Evidence of Substance Abuse

Where evidence demonstrates the existence of a drug or alcohol problem, an "ALJ may only deny benefits if the claimant's drug addiction or alcoholism is a contributing factor material to the determination of the claimant's disability." Grogan v. Barnhart, 399 F.3d 1257, 1264 (10th Cir. 2005). "A drug or alcohol addiction is a contributing factor if the claimant's remaining limitations would not be disabling in the absence of drugs or alcohol." Id. "But, according to the regulations, if his remaining limitations would remain disabling, the claimant must be found disabled regardless of drug addiction or alcoholism." Id.

Here, the ALJ determined when all of Claimant's impairments were considered, including her substance abuse disorder, Claimant met the criteria for a listed impairment as defined by Listing 12.09. (Tr. 19). The ALJ further found that the evidence of record demonstrated that Claimant has experienced behavior changes associated with the regular use of substances that result in a depressive syndrome as well as inflexible and maladaptive personality traits. Absent the substance abuse, Claimant was found to suffer from nonexertional limitations which would limit her to work where: (1) interpersonal contact is routine but superficial; (2) complexity of tasks is learned by experience with several variables; (3) judgment is used within limits; and (4) supervision required is little for

routine but detailed for non-routine. (Tr. 20). If Claimant stopped the substance abuse, she would be unable to perform her past relevant work but would be able to perform other work that exists in substantial numbers in the national economy. (Tr. 22-23).

Although the ALJ included a fairly extensive discussion of Claimant's medical records and her history of substance abuse, the evidence of continued substance abuse was linked to hospitalizations in January, 1996 and January, 2004. (Tr. 20-21). The medical evidence subsequent to those records, however, does not provide a basis for finding Claimant continued to abuse alcohol or drugs.

On appeal, the standard of review in a social security case is whether the decision is supported by substantial evidence, and whether the correct legal standards were applied. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence has been defined as more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). Evidence is not substantial if it constitutes a mere conclusion. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

The absence of any evidence after 2004 that Claimant continued to abuse drugs renders the ALJ's findings to be mere supposition. Thus, his determination is not supported by substantial evidence.

**Evidence of Back Pain and Headaches**

On appeal, Claimant raises three issues. She argues that the ALJ failed to recognize her severe impairments, and that he failed to fully develop the record. As a result of his failure to find severe impairments from back pain and headaches, the ALJ's RFC determination was flawed.

5

At step two, the agency determines whether the claimant's alleged impairments are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c); 416.920(a)(4)(ii) and (c). "An impairment is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." Id. § 404.1521(a); 416.921(a). Only "slight" impairments, imposing only a "minimal effect on an individual's ability to work" are considered "not severe:"

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at [step two] when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered[.]

Soc. Sec. R. 85-28, WL 56856, at 3.

The analysis at step two is limited with the purpose designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." Bowen v. Yuckert, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring). While "the mere presence of a condition or ailment" is not enough to get the claimant past step two, Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997), a claimant need only make a "de minimus" showing of impairment to move on to further steps in the analysis. Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004).

Here, the ALJ provided a thorough discussion of the medical evidence documenting treatment for back pain and headaches. (Tr. 18-19). The ALJ noted physical examinations in April, 2003 and November, 2003 which found an absence of joint swelling and tenderness, as well as normal range of motion in all joints. (Tr. 124, 134). Additionally, the ALJ's consideration of an MRI performed in September, 2001 was consistent with the medical evidence. (Tr. 18). The MRI showed "[d]egenerative disc disease at L5-S1 with no frank protrusion or impingement upon the thecal sac

6

or nerve roots noted." (Tr. 360).

The medical evidence in this case failed to meet the "de minimus" showing of an impairment required at step two. Thus, the ALJ did not err by failing to find severe impairments from back problems or headaches.

Claimant also argues that the ALJ erred by failing to adequately develop the record prior to making his step two determination. She also contends the ALJ erred in not developing the record as it related to borderline intellectual functioning and its severity.

The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security hearing is nonadversarial, however, and the ALJ has the responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United Stated Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). Claimant has failed to reference any medical reports that would have assisted the ALJ in formulating his step two determination. As such, he is attempting to engage in a fishing expedition for hoped-for proof of a disability which has not been present in the medical records. Such efforts are not mandated in order for the ALJ to fulfill his duty to fully develop the record. The ALJ committed no error in this case in developing the record.

As previously discussed, the ALJ did not err in his step two determination. As such, the failure to include limitations from these alleged impairments did not render the ALJ's step four


determination fatally flawed.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 13th day of December, 2007.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma